IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, 10 S. Howard Street, 3rd Floor Baltimore, MD  21201 | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| BALTIMORE COUNTY, 400 Washington Avenue Towson, MD 21204 | ) ) ) ) | Civil Action No. |
| and | ) ) | COMPLAINT |
| AMERICAN FEDERATION OF STATE, COUNTY & MUNICIPAL EMPLOYEES LOCAL #921, P.O. Box 27446 Towson, MD 21285-7446 | ) ) ) ) ) ) | JURY TRIAL DEMAND |
| and | ) ) | |
| BALTIMORE COUNTY FEDERATION OF PUBLIC EMPLOYEES, FMT, AFT, AFL-CIO, 25 West Chesapeake Avenue, Suite 208 Towson, MD 21204 | ) ) ) ) ) | |
| and | ) ) | |
| BALTIMORE COUNTY SHERIFF'S OFFICE FRATERNAL ORDER OF POLICE/ LODGE NUMBER 25, P.O. Box 6735 Baltimore, MD 21205-6735 | ) ) ) ) ) ) | |
| and | ) ) | |

| | |
|---|---|
| BALTIMORE COUNTY LODGE NO. 4 FRATERNAL ORDER OF POLICE, INC., 9304 Harford Road Baltimore, MD 21234 | ) ) ) ) ) |
| and | ) ) |
| BALTIMORE COUNTY FEDERATION OF PUBLIC HEALTH NURSES, 5800 Metro Drive, 2nd Floor Baltimore, MD 21215 | ) ) ) ) ) |
| and | ) ) |
| BALTIMORE COUNTY PROFESSIONAL FIRE FIGHTERS ASSOCIATION, INTERNATIONAL ASSOCIATION FIRE FIGHTERS LOCAL 1311 – AFL-CIO, 52 Scott Adam Road Cockeysville, MD 21030-3282 | ) ) ) ) ) ) ) |
| Defendants. | ) |

## NATURE OF ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age and to provide appropriate relief to Wayne A. Lee, Richard J. Bosse, Sr., and a class of similarly situated aggrieved individuals at least forty years of age. The Commission alleges that since January 1, 1996, Defendant Baltimore County has discriminated against Mr. Lee, Mr. Bosse, and a class of similarly situated aggrieved individuals within the protected age group by requiring them to pay higher contributions than those paid by younger individuals to Defendant's pension plan.

2

JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland.

PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4.      At all relevant times, Defendant Baltimore County has continuously been a county government, a political subdivision of the State of Maryland.

5.      At all relevant times, Defendant Baltimore County has continuously been an employer within the meaning of Section 11(b) of the ADEA, 29 U.S.C. § 630(b).

6.      Defendant American Federation of State, County & Municipal Employees Local #921 ("Defendant AFSCME Local 921"), is a party to a collective bargaining agreement with Defendant Baltimore County and is therefore named as a party pursuant to Rule 19(a) of the Federal Rules of Civil Procedure in that, in its absence, complete relief cannot be accorded

among those already parties.

7. Defendant Baltimore County Federation of Public Employees, FMT, AFT, AFL-CIO, ("Defendant BCFPE") is a party to a collective bargaining agreement with Defendant Baltimore County and is therefore named as a party pursuant to Rule 19(a) of the Federal Rules of Civil Procedure in that, in its absence, complete relief cannot be accorded among those already parties.

8. Defendant Baltimore County Sheriff's Office Fraternal Order of Police/Lodge #25 ("Defendant FOP Lodge No. 25") is a party to a collective bargaining agreement with Defendant Baltimore County and is therefore named as a party pursuant to Rule 19(a) of the Federal Rules of Civil Procedure in that, in its absence, complete relief cannot be accorded among those already parties.

9. Defendant Baltimore County Lodge No. 4 Fraternal Order of Police ("Defendant Baltimore County Lodge No. 4 FOP") is a party to a collective bargaining agreement with Defendant Baltimore County and is therefore named as a party pursuant to Rule 19(a) of the Federal Rules of Civil Procedure in that, in its absence, complete relief cannot be accorded among those already parties.

10. Defendant Baltimore County Federation of Public Health Nurses ("Defendant BCFPHN") is a party to a collective bargaining agreement with Defendant Baltimore County and is therefore named as a party pursuant to Rule 19(a) of the Federal Rules of Civil Procedure in that, in its absence, complete relief cannot be accorded among those already parties.

11. Defendant Baltimore County Federation of Public Health Nurses ("Defendant Baltimore County Federation of Public Nurses") is a party to a collective bargaining agreement

with Defendant Baltimore County and is therefore named as a party pursuant to Rule 19(a) of the Federal Rules of Civil Procedure in that, in its absence, complete relief cannot be accorded among those already parties.

12. Defendant Baltimore County Professional Fire Fighters Association, IAFF Local 1311, AFL-CIO ("Defendant IAFF Local 1311") is a party to a collective bargaining agreement with Defendant Baltimore County and is therefore named as a party pursuant to Rule 19(a) of the Federal Rules of Civil Procedure in that, in its absence, complete relief cannot be accorded among those already parties.

## CONCILIATION

13. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

14. Since at least January 1, 1996, Defendant Baltimore County has engaged in unlawful employment practices by requiring Wayne A. Lee, Richard J. Bosse, and a class of similarly situated aggrieved individuals within the protected age group to pay higher contributions than those paid by younger individuals to Defendant's pension plan, in violation of Section 4(a)(1) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 623(a)(1).

15. The effect of the practices complained of in paragraph 14 above has been to deprive Wayne A. Lee, Richard J. Bosse, and a class of similarly situated aggrieved individuals

within the protected age group of equal employment opportunities and otherwise adversely affect their status as an employee because of their age.

16. The unlawful employment practices complained of in paragraph 14 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Baltimore County, its officers, successors, assigns and all persons in active concert or participation with it, from requiring its older workers to contribute more than its younger workers to its pension plan and from engaging in any other employment practice which discriminates on the basis of age against individuals 40 years of age and older.

B. Order Defendant Baltimore County to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

C. Grant a judgment requiring Defendant Baltimore County to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to Wayne A. Lee, Richard J. Bosse, and a class of similarly situated aggrieved individuals within the protected age group, whose wages are being unlawfully withheld as a result of the acts complained of above.

D. Order Defendant Baltimore County to make whole Wayne A. Lee, Richard J. Bosse, and a class of similarly situated aggrieved individuals within the protected age group, whose wages are being unlawfully withheld as a result of the acts complained of above, by

restraining the continued withholding of amounts owing as back wages with prejudgment interest, in amounts to be determined at trial.

  E. Order Defendant Baltimore County to make whole Wayne A. Lee, Richard J. Bosse, and a class of similarly situated aggrieved individuals within the protected age group, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices.

  F. Grant such further relief as the Court deems necessary and proper in the public interest.

  G. Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

            Respectfully submitted,

            RONALD S. COOPER
            General Counsel

            JAMES L. LEE
            Deputy General Counsel

            GWENDOLYN YOUNG REAMS
            Associate General Counsel

            _____/s/_____
            JACQUELINE MCNAIR
            Regional Attorney

            _____/s/_____
            DEBRA M. LAWRENCE
            Supervisory Trial Attorney

            _____/s/_____
            MARIA SALACUSE
            Senior Trial Attorney
            Federal Bar No. 15562

UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Baltimore Field Office
10 S. Howard Street
3rd Floor
Baltimore, Maryland  21201
Phone:  (410) 209-2733
Fax: (410) 962-4270