

JOHN A. OLSZEWSKI, JR.  
*County Executive*

JAMES R. BENJAMIN, JR., *County Attorney*  
*Office of Law*

January 24, 2020

The Honorable Richard D. Bennett  
United States District Judge  
101 W. Lombard Street  
Baltimore, Maryland 21202

    Re:   *EEOC v. Baltimore County, et al.*  
           Civil Action No. RDB-07-02500

Dear Judge Bennett:

    The purpose of this letter is to alert the Court about a new and unexpected development in the above case.

    On January 21, 2020, EEOC provided its Expert Disclosure and the 616 page report of Erich Cromwell, an economist employed by the EEOC. We have not had the opportunity to review thoroughly the report and the appendices and the County's entire team met today at 2:00 p.m. to do so. It appears that the approximate 2.5 million rows of spreadsheet data supplied by the County to the EEOC may have contained an error in what is known as the SQL code. Without getting into a detailed explanation about this code, we will get that worked out with EEOC.

    But, as stated, my purpose in writing you, is to bring to your attention to the fact that EEOC's expert calculates *"owed interest"* as determined by the Internal Revenue Service for the underpayment of taxes (26 U.S.C. § 6621). Interest rates are calculated through December 2019 and compounded monthly. Total "owed interest" is $2,563,916.00, based on the experts calculated damages of $5,965,220.00 prior to July 1, 2016. Mr. Cromwell also calculates damages after July 1, 2016 to be $553,376.13. Based upon this figure he calculates $73,440.72 additional "owed interest." Thus, the total owed interest claimed is $2,637,356.72.

This is surprising in light of EEOC's prior representations to this Court and the Fourth Circuit:

> The EEOC understands or [sic] that the amount of an award of monetary relief in this case could be substantial, that "[r]etroactive liability could be devasting for pension funds, " and the "harm would fall on innocent third parties," including county tax payers, as well as current and retired employees. *See Manhart*, 435 U.S. at 722-23. The EEOC has no desire to inflict such hardship on Defendant, its residents or its employees, and is committed to exploring ways to reduce such an impact after a decision is reached on the threshold issue presented in this motion.

(EEOC Memorandum, ECF No. 241-1 at page 20).

Additionally, to the best of my knowledge and recollection, the expert report is the first time that the EEOC has asserted its entitlement to owed interest.

In EEOC's August 2, 2019 status letter to the Court, the EEOC advised the Court that "the EEOC does not intend to pursue liquidated damages…" (ECF No. 262, p. 1). In addition, the County alerted the Court in that letter to additional possible damages issues, which did not include owed interest, because the EEOC had not made any assertion that it was entitled to owed interest. Certainly, this is an issue that should have been raised by the EEOC and addressed by the parties at the lengthy hearing the Court conducted on October 16, 2019.

By failing to raise the issue of owed interest prior to the filing of its expert report, EEOC has waived its right to claim owed interest in this case. In its Memorandum Opinion of October 28, 2019, the Court ruled that the "County has waived arguments concerning the EEOC charge and conciliation efforts by posing them thirteen years after this case commenced." (ECF No. 277, p. 14, 2019 WL 5555676, at *7 (D. Md. October 28, 2019). Likewise, the EEOC has similarly waived assertions of entitlement to "owed interest."

I am therefore respectfully requesting the Court to enter an Order denying EEOC's claim for owed interest and relieve the parties of the burden of having to

conduct further discovery and file motions on an issue that has been waived by the EEOC.

However, if the Court believes further briefing is necessary, I am prepared to file a Motion for Partial Summary Judgment with supporting authorities regarding owed interest. Unfortunately, the Scheduling Order entered by the Court on August 2, 2019 (ECF No. 263) makes no provision for the filing of such a motion. I request the Court's guidance in that regard.

Thank you for your kind consideration in this matter.

                    Very truly yours,

                    James J. Nolan, Jr.
                    Assistant County Attorney

Electronically Filed on January 24, 2020