**U.S. EQUAL EMPLOYMENT OPPORTUNITY**
**Baltimore Field Office**

George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
(Charge Status/Pending Business) 1-866-408-8075
(General Info/New Charge Filing) 1-800-669-4000
TTY (410) 962-6065
FAX (410) 962-4270

Maria Salacuse, Supervisory Trial Attorney
Direct Dial: (10) 801-6709
Email: maria.salacuse@eeoc.gov

January 27, 2020

**Via ECF**
The Honorable Richard D. Bennett
U.S. District Court for the District of Maryland
Garmatz Federal Courthouse
101 W. Lombard Street
Baltimore, MD 21201

      RE:    *EEOC v. Baltimore County et al.*
                Civil Action No. RDB-07-CV-2500

Dear Judge Bennett:

      This letter responds to Mr. Nolan's letter dated January 24, 2020 (ECF No. 282). In his letter, Mr. Nolan asks this Court to summarily deny an award of prejudgment interest, prior to the issuance of any judgment in this case, based on the false claim that EEOC had never asserted an entitlement to interest prior to producing its expert report on damages. EEOC has asked Mr. Nolan to withdraw his letter because it is premised on a false claim, he failed to confer with EEOC prior to filing it, and the issue of prejudgment interest is not ripe for resolution. He has refused to withdraw his letter. He has indicated to us that he has authorities to support his position, but has not disclosed any such authorities either in his letter or to EEOC.

      EEOC asserted a claim to prejudgment interest in its Amended Complaint (ECF No. 57, Prayer for Relief) and reiterated its claim in its Motion for Determination on Availability of Retroactive and Prospective Monetary Relief filed on May 6, 2016. (ECF No. 241-1 at 2.) A request for prejudgment interest is standard in all EEOC cases involving a claim for back pay. EEOC has never disavowed its claim for prejudgment interest in this case. There was no reason for EEOC to raise the issue of prejudgment interest again until it received the data necessary to calculate back pay. As both the Fourth Circuit and this Court have long recognized, in ADEA cases, "[p]rejudgment interest compensates for the loss of use of money and is intended to make the plaintiff whole. … And it makes no difference whether plaintiffs characterize the value of losing the benefit of money as prejudgment interest or they simply bring back pay to present value, since the amounts so computed are compensatory in nature." *Chace v. Champion Spark Plug Co.*, 725 F. Supp. 2d 868, 872 (D. Md. 1989) (citing *Cline v. Roadway Express, Inc.*, 689 F.2d 481, 489 (4th Cir. 1982)). It is likewise well-settled in ADEA cases that "[n]ormally 'prejudgment interest is necessary, in the absence of liquidated damages, to make the plaintiff whole.'" *Doe v. Shenandoah Baptist Church*, 899 F.2d 1389, 1401 (4th Cir. 1990) (quoting *Cline*, 689 F.2d at 489).

      The issue of prejudgment interest is not ripe for resolution at this point in the litigation. All EEOC has done is produce an expert report calculating back pay with interest (as determined

EEOC v. Baltimore County
Civil Action No.: RDB-07-CV-2500
Page 2 of 2

by the IRS for the under-payment of taxes). Defendant has yet to produce any report of its own. EEOC is unaware of any "burden of having to conduct further discovery" relating to owed interest. Once back pay is determined, it is simply a matter of selecting an interest rate and applying it. EEOC is also unaware of any employment discrimination case in which a court was asked to rule on prejudgment interest prior to a judgment being issued. If Defendant wishes to challenge the availability or amount of prejudgment interest, the proper time for doing so is at the time or after issuance of judgment.

Given the frequency and volume of Defendant's attempts to limit its liability for its unlawful conduct, it serves judicial economy and conserves the parties' resources to handle all such remaining disputes at the same time. If the parties cannot agree on damages after expert discovery is complete in April 2020, the calculation of back pay could be referred to a special master, as the Court suggested at the last hearing, with any remaining legal issues decided together by the Court after receiving the master's report.

                                            Sincerely,

                                            */s/ Maria Salacuse*
                                            */s/ Christopher Lage*