

JOHN A. OLSZEWSKI, JR.  
*County Executive*

JAMES R. BENJAMIN, JR., *County Attorney*  
*Office of Law*

January 30, 2020

The Honorable Richard D. Bennett  
United States District Judge  
101 W. Lombard Street  
Baltimore, Maryland 21202

    Re:    *EEOC v. Baltimore County, et al.*  
            Civil Action No. RDB-07-2500

Dear Judge Bennett:

The purpose of this letter is to reply to EEOC's letter dated January 27, 2020 (ECF No. 283).

First, the County was surprised by EEOC's raising the issue of liquidated damages so late in this litigation. At a minimum, EEOC should have brought this to the attention of the Court at the hearing conducted on October 16, 2019 or in the written submissions made prior to that hearing.

Second, as detailed in my January 24, 2020 letter (ECF No. 282), EEOC's expert calculated "owed interest". In a telephone conference yesterday, I asked Mr. Lage whether "owed interest" was the same as "prejudgment interest". He said that it was. EEOC's January 27, 2020 letter (ECF No. 283) referred to a calculation of "owed interest" totaling $2,637,356.70. Significantly, the introduction of EEOC's large claim for owed interest has made an agreed resolution of this case unlikely.

Third, at yesterday's telephone conference, EEOC sprang another surprise on the County, when it advised that it expected the County to administer any payout to retirees, including sending checks and 1099-Rs, and other administrative burdens. I am not aware of any provision of the ADEA which allows for the County to be saddled with such time-consuming and expensive administrative burdens, similar to

1

those predicted in the trilogy of Supreme Court cases denying retroactive monetary relief against pension plans.

Finally, I do not believe that the EEOC has accurately set forth the law pertaining to awards of prejudgment interest.

In *Cline v. Roadway Express, Inc.*, 689 F. 2d 481, 489 (4th Cir. 1982), the Fourth Circuit stated that in "affirming refusals to award prejudgment interest under the FLSA, we have indicated that the district court has discretion, based on the equities involved, in awarding or denying interest. *Id.* The court cited the case of *Clifton D. Mayhew, Inc. v. Wirtz*, 413 Fed. 2nd 658, 663 (4th Cir 1969), in which the Fourth Circuit made it clear that "the trial court has broad discretion to fashion its decree according to the circumstances of each case". *Id.* It found that the district court did not abuse its discretion in refusing to award prejudgment interest. *Id.*

The EEOC's citation of *Chase v. Champion Spark Plug Co.*, 725 F.Supp. 868, 872 (D. Md. 1989), does not tell the whole story. That case involved a ruling on a motion on limine, in which the Judge Niemeyer noted that liquidated damages under the ADEA were "punitive in nature," citing *Transworld Airline, Inc. v. Thurston*, 469 U.S. 111 (1985). Following the trial in the *Chase* case, Judge Niemeyer ultimately held that prejudgment interest was unavailable, since there had been an award of liquidated damages. *Chase v. Champion Spark Plug Co.*, 732 F. Supp. 605, 610 (D. Md. 1990). This determination was based on *Hamilton v. First Source Bank*, 895 F. 2d 159 (4th Cir. 1990). In that case, the Fourth Circuit held that an ADEA plaintiff may not recover prejudgment interest as well as liquidated damages.

This case presents a different scenario, because here the EEOC waived its right to claim liquidated damages, presumably because it has conceded that the actions of the County were not willful or deserving of "punitive" measures. This is confirmed by Judge Legg's prior finding that any violation of the ADEA was not intentional or willful.

> The problem identified by the Fourth Circuit appears to be an unintended consequence, resulting from the interaction of two separate and independently lawful provisions of the County Code enacted decades apart. It is clear from the record that the age-based contribution rates, when put in place in 1945 until modified in 1977, were fully justified by the time value of money rationale identified by this Court in its prior opinion. Using projected years until

2

> retirement, Buck calculated the percentage of an employee's pay that would be required to fund approximately one-half of his or her retirement benefit. Because all employees were eligible to retire at age 65, age served as a proxy for years until retirement. Thus, notwithstanding the fact that the ERS nominally based an employee's contribution rate on the age at which he or she was hired, years until retirement was the real determining factor.

*EEOC v. Baltimore County*, 2012 WL 5077631, at *3 (D. Md. October 17, 2012), cited in by this Court in *EEOC v. Baltimore County*, 202 F. Supp. 2d 499, 504 (D. MD. 2016).

Based upon this determination and EEOC's prior representations to this Court and the Fourth Circuit (ECF No. 282, p. 2), this Court should exercise its discretion to deny the EEOC's claim for prejudgment interest.

Additionally, there is abundant case law to support a determination by this court that prejudgment interest is not an appropriate remedy in this case. *See Pudge v. Fruehauf Corp.*, 690 F. Supp. 692 (N.D. Ill. 1988) (prevailing plaintiff in age discrimination case is not entitled to prejudgment interest, front pay and pension benefits as a matter of right; rather, the considerations are addressed to sound discretion of trial court in order to provide legal or equitable relief, where needed, to effectuate purpose of ADEA); *Philipp v ANR Freight System, Inc.*, 61 F.3d 669 (8th Cir. 1995) (former employee was not entitled to prejudgment interest on back pay award in age discrimination action based on his demotion and retaliatory refusal to rehire claims; liability was far from clear, and former employer was in difficult financial circumstances); *Syvock v. Milwaukee Boiler Mfg.Co., Inc.*, 665 F. 2d 149 (7th Cir. 1981) (although prejudgment interest may be awarded by district court in age discrimination in employment case, such an award also lies within trial court's discretion); *EEOC v. Minnesota Dept. of Corrections,* 702 F. Supp. 2d 1082 (D. Minn. 2010) (subsequent determination 2010 WL 2521025, affirmed in part 648 F.3d 910) (prejudgment interest on ADEA pecuniary damages award was not appropriate; ADEA did not specifically provide for prejudgment interest, and such an award was not necessary in case to compensate claimants, promote settlement, or deter any attempt to benefit unfairly from inherent delays of litigation); *Ryther v. KARE* 11, 864 F. Supp. 1525 (D. Minn 1994) (award of prejudgment interest under ADEA lies within discretion of court); *Hoffman v. Nissan Motor Corp. in U.S.A.*, 511 F. Supp. 352 (D.N.H 1981) (prejudgment interest was not recoverable on

3

judgment in suit under this chapter); *EEOC v. U.S. Steel Corp.,* 728 F. Supp.1167 (W.D. Pa. 1989) *rev. on other grounds*, 921 F.2d 489 (prejudgment interest should be granted when warranted by considerations of fairness, and denied when it would be inequitable); *Buffington v. Phelps Dodge Min. Co.,* 800 F. Supp. 951 (D. N. M. 1992) (prejudgment interest is not available to plaintiff in action brought under ADEA; not only is prejudgment interest not provided for in the statute, but its purpose is to compensate plaintiff for delay, and remedy provided for Congress for that purpose is liquidated damages).

In light of the parties' differing positions regarding the above issues, the County respectfully requests the Court to schedule a hearing or telephone conference for the purpose of resolving these disputed matters.

Thank you for your kind consideration in this matter.

Very truly yours,

*[signature]*

James J. Nolan, Jr.
Assistant County Attorney

Electronically Filed: January 30, 2020