UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,   Plaintiff,   v.   BALTIMORE COUNTY, *et al.*,   Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:07-2500-RDB<br>)<br>)<br>)<br>)<br>)<br>) |

## **JOINT CONSENT ORDER REGARDING MONETARY RELIEF**

On September 18, 2007, the EEOC brought this action under the Age Discrimination in Employment Act of 1967, as amended (the "ADEA"), 29 U.S.C. § 621, *et seq*. *See* Complaint, ECF No. 1 at ¶1. In both its original Complaint and Amended Complaint, EEOC alleged that "Defendant Baltimore County has engaged in unlawful employment practices by requiring Wayne A. Lee, Richard J. Bosse, and a class of similarly situated aggrieved individuals within the protected age group to pay higher contributions than those paid by younger individuals to Defendant's pension plan, in violation of Section 4(1)(1) of the A[DEA], 29 U.S.C. § 623(a)(1)." Complaint, ECF No. 1 at ¶14; Amended Complaint, ECF No. 57 at ¶14.

On April 26, 2016, this Court approved a Joint Consent Order (ECF No. 238), which resolved the EEOC's claims for injunctive relief, requiring the County to equalize pension plan contribution rates by July 1, 2018.  (ECF No. 238 at ¶¶ 15, 16.).  The Joint Consent Order, however, made clear that it did not resolve EEOC's claims for monetary relief.  (*Id.* ¶ 2).

On May 6, 2016, the EEOC moved for a determination on the availability of retroactive and prospective monetary relief. Subsequently, this Court issued an Opinion holding that the ADEA granted courts discretion to fix appropriate relief upon a finding of age discrimination and

determined that neither retroactive nor prospective relief was appropriate in this case. *EEOC v. Baltimore Cty.*, 202 F. Supp. 3d 499, 505-11 (D. Md. 2016). The EEOC appealed this Court's determination concerning the back pay award, but did not appeal this Court's denial of prospective relief. *EEOC v. Baltimore Cty.*, 904 F.3d 330, 332 n.2 (4th Cir. 2018). On September 19, 2018, the United States Court of Appeals for the Fourth Circuit vacated this Court's judgment, holding that "a retroactive monetary award of back pay under the ADEA is mandatory upon a finding of liability." *Id.* at 333. The Court remanded the case "for a determination of the amount of back pay to which the affected employees are entitled under the ADEA." *EEOC v. Baltimore Cty.*, 904 F.3d at 335. Following the Fourth Circuit's decision, Baltimore County filed a petition for writ of certiorari to the United States Supreme Court. On June 17, 2019, the Supreme Court denied the petition and proceedings in this Court resumed. (ECF No. 256.)

On October 28, 2019, following briefing and oral argument, this Court determined the following: (1) because the ADEA permits the EEOC to pursue an enforcement action under its provisions without obtaining the consent of the employees it seeks to benefit, employees are not required to "opt-in" to this action; (2) the EEOC may seek back pay accruing between March 6, 2006 and April 26, 2016; and (3) the scope of the class is defined as set forth in ECF No. 264-3 with the exception that Wayne Lee and Richard Bosse are not excluded from the class.  (ECF No. 264).  Thereafter, the parties engaged in expert discovery to identify Class Members and the amounts owed to each.

The Commission and Defendant Baltimore County desire to resolve the EEOC's claims for monetary relief without the time and expense of continued litigation, and they desire to

2

formulate a plan to be embodied in an Order which will promote and effectuate the purposes of the ADEA.

The Court has examined this Order, and finds that this Order is reasonable, just and in accordance with the Federal Rules of Civil Procedure and the ADEA.  Therefore, upon due consideration of the record herein and being fully advised in the premises, it is ORDERED AND ADJUDGED:

<u>Scope of Order</u>

1.	This Order resolves the claims for monetary relief sought by the EEOC in its ADEA Amended Complaint.

2.	This Order shall be in effect for the period that it takes for the monetary relief to be distributed to the identified Class Members and Charging Parties as set forth by the terms of this Order.  During that time, this Court shall retain jurisdiction over this matter and the parties for purposes of enforcing compliance with the Order, including issuing such orders as may be required to effectuate the purposes of the Order.

<u>Monetary Relief to Class Members and Charging Parties</u>

3.	Baltimore County shall pay the total amount of $5,399,700.65 (the "Settlement Commitment" or "Settlement Fund") for the purpose of resolving all claims that were made against Baltimore County in this civil action.  The Settlement Commitment represents non-wage compensation from Baltimore County's pension plan.

<u>Establishment of Settlement Administrator</u>

4. The parties have agreed to appoint Rust Consulting, Inc. as the Administrator of the Settlement Fund ("Settlement Administrator"), whose services will be paid for by Baltimore County. The Settlement Administrator will establish a Qualified Settlement Fund pursuant to IRC Section 468B. The Settlement Administrator will be the Qualified Settlement Fund's "administrator" as that term is used in Treas. Reg. § 1.468B-2(k)(3). As administrator, the Settlement Administrator will timely prepare and file all tax returns required to be filed by the Qualified Settlement Fund and pay any taxes owed by the Qualified Settlement Fund from funds held by the Qualified Settlement Fund, with reimbursement by Baltimore County if necessary.

5. The Settlement Administrator's duties shall specifically include:

a. establishing an interest-bearing Settlement Fund Account under the Qualified Settlement Fund's federal employer identification number ("FEIN") for purposes of disbursing money from the Qualified Settlement Fund;

b. receiving the agreed upon Class List, performing a National Change of Address database update, and tracing all addresses for any correspondence returned after the mailing.

c. Mailing Notices of Settlement drafted by the parties and individual checks to Charging Parties and Class Members;

d. performing one follow-up address search and re-mailing correspondence once for any undeliverable mailing;

e. establishing a toll-free telephone number to answer calls regarding the settlement;

4

  f. providing reports and documents to the parties as necessary for administration of the Settlement Funds.

  g. after all Settlement Funds have been distributed, providing the EEOC and Baltimore County with copies of the cashed checks.

  h. reporting the non-wage compensation amounts to the IRS and the Class Member or Charging Party under the Qualified Settlement Fund's FEIN on an IRS Form 1099-R – Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans.

  i. provide a final report to the parties of the payments made by the Fund and the funds returned to the County.

Funding the Settlement Fund Account

  6. Within forty-five (45) days of the Effective Date of this Consent Order, Baltimore County shall deposit into the Qualified Settlement Fund the Settlement Commitment referenced in paragraph three (3).

Administration of Class Settlement & Reversion

  7. Within thirty (30) days of the date of the entry of the Joint Consent Order, Baltimore County will post a notice on the Employees' Retirement System website of the entry of the Joint Consent Order in the EEOC's age discrimination case in the United States District Court for the District of Maryland. The notice will contain a link to the Joint Consent Order and all unsealed exhibits and contact information for the Settlement Administrator.

  8. The Class will consist of Charging Parties Wayne Lee and Richard Bosse and all identified Class Members listed on Exhibit 1.  Specific criteria for identifying Class Members is

5

contained in Exhibit 2.  Amounts owed, reflected in Exhibit 3 (filed under seal), were determined by calculating the difference between the original contribution amount and the product of the age-neutral contribution rate and the total amount of pensionable earnings (employee salary subject to payments into the pension plan).

9. Within sixty (60) days of the date of the entry of the Order, Baltimore County, using reasonably available electronic data, will generate and provide to the Settlement Administrator an electronic list of all identified Class Members, including name, last known address, phone number, email, and social security number (the "Class List").  The EEOC shall also provide the Settlement Administrator with the known updated addresses and phone numbers of Charging Parties Wayne Lee and Richard Bosse.

10. Within sixty (60) days of the Effective Date of the Consent Order or as soon thereafter as can be effectuated, the Settlement Administrator will issue each Charging Party or identified Class Member the Notice of Settlement attached as Exhibit 4 along with a settlement check reflecting the monetary award identified in Exhibit 3.   The Notice will clearly state that (a) the monetary award is the result of a Joint Consent Order in the United States District Court for the District of Maryland; (b) the monetary award is not appealable; (c) the monetary award will revert to Baltimore County should the Charging Party or Class Member choose not to accept it; (d) the Charging Party or Class Member shall only have ninety (90) days to cash the check ("acceptance period"), explaining that if the deadline day falls on a weekend day or federal holiday, the deadline will be the next business day after such weekend day or holiday; (e) if the

monetary award is accepted, the Class Member or Charging Party will be solely responsible for all taxes due, and (f) if the monetary award is accepted, the Class Member or Charging Party will receive an IRS 1099-R - Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans.

11.     Forty-five days after the Settlement Administrator sends the Notice of Settlement, the Settlement Administrator will send reminder notices to the Charging Parties and Class Members who have not cashed their checks.

12.      Monetary payments made from the Settlement Fund to deceased Class Members will be made to the deceased member's designated beneficiary. If no designated beneficiary exists, said payments will be made to the deceased member's estate, if the Settlement Administrator determines that appropriate documentation (such as Letters of Administration or their equivalent) have been provided. If no designated beneficiary is identified by the Employees' Retirement System and no estate exists, any funds payable to any deceased Class Member will then revert to the Employees' Retirement System.

13.     After allowing for a reasonable time for the negotiation of any checks the Settlement Administrator reissued due to the receipt of undeliverable correspondence, any remaining Settlement Funds shall revert to Baltimore County.

## Miscellaneous Provisions

14.     The right of any person whose rights EEOC sought to enforce in this lawsuit terminated upon the commencement of this lawsuit by operation of 29 U.S.C. 626(c). Accordingly, the Court finds that the right of any person to bring an ADEA action alleging age

7

discrimination with respect to the County's age-based employee contribution rates from 1996 through 2019 was terminated at the time this suit was filed.

15. EEOC agrees that no person other than those listed in Exhibit A are entitled to any relief in this case. Accordingly, EEOC agrees that any future charge filed with EEOC alleging age discrimination with respect to the County's age-based employee contribution rates from 1996 to 2019 will be dismissed by the EEOC because it is untimely and/or because the EEOC is unable to conclude that the information obtained establishes a violation of the ADEA.

16. The Commission and Defendant shall bear their own costs and attorneys' fees.

17. The undersigned counsel of record in the above-captioned action hereby consent, on behalf of their respective clients, to the entry of the foregoing Consent Order.

| FOR PLAINTIFF EEOC: | FOR DEFENDANT BALTIMORE COUNTY: |
|---|---|
| */s/ Sharon Fast Gustafson*_____ <br> Sharon Fast Gustafson <br> (Signed by Maria Salacuse with permission of Sharon Fast Gustafson) <br> General Counsel | */s/ James R. Benjamin, Jr.*_____ <br> James R. Benjamin, Jr. <br> (Signed by Maria Salacuse with permission of James R. Benjamin, Jr.) <br> County Attorney |
| */s/ Gwendolyn Young Reams*_____ <br> Gwendolyn Young Reams <br> (Signed by Maria Salacuse with permission of Gwendolyn Young Reams) <br> Associate General Counsel | */s/ James J. Nolan, Jr.*_____ <br> James J. Nolan, Jr. <br> (Signed by Maria Salacuse with permission of James J. Nolan, Jr.) <br> Assistant County Attorney <br> Baltimore County Office of Law <br> 400 Washington Avenue <br> Towson, MD 21204 <br> jnolan@baltimorecounty.gov |
| */s/ Debra M. Lawrence*_____ <br> Debra M. Lawrence <br> (Signed by Maria Salacuse with permission of Debra M. Lawrence) | |

Regional Attorney

*/s/ Christopher Lage*_____
Christopher Lage
(Signed by Maria Salacuse with permission of Christopher Lage)
Assistant General Counsel

*/s/ Maria Salacuse*_____
Maria Salacuse (Bar No. 15562)
Supervisory Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
Phone: (410) 801-6709
Fax: (410) 962-4270
E-mail: maria.salacuse@eeoc.gov

SO ORDERED AND ADJUDGED.

Signed this 24th day of April, 2020.

/s/
Richard D. Bennett
United States District Judge